UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Aspen Composers' Conference

    Plaintiff,

v.

Library of Congress,
Cataloguing in Publication Division

    Defendants.

Case No. 12-cv-767 (JRT/SER)

**REPORT AND
RECOMMENDATION**

Natalie Synhaivsky, 5505 Brookview Avenue, Edina, Minnesota, 55424, for Plaintiff.

Mary J. Madigan, Esq., United States Attorney's Office, 300 South Fourth Street Suite 600, Minneapolis, Minnesota 55415, for Defendants.

STEVEN E. RAU, United States Magistrate Judge

This matter came before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the Court recommends Defendant's Motion to Transfer [Doc. No. 3] be denied.

## I. BACKGROUND

### A. Factual Background

Plaintiff Aspen Composers' Conference ("Aspen") is a Minnesota non-profit corporation. Aspen filed the Complaint in this matter on March 27, 2012. [Doc. No. 1]. Aspen is a "forum for composers to meet with one another, and to interact on a professional level." (*Id.* at 4). Aspen hosts conferences at which presenters give papers on musical topics; Aspen then publishes the papers in a single volume. (*Id.*) Since 2005, Aspen has set a theme for each conference, a practice that serves three purposes: (1) to clearly identify the topic considered; (2)

1

to allow artists to "identify other contemporaneous artists who are making contributions in a specific topic;" and (3) "to assist researchers in musical scholarship who do subject-matter searches on the topics which are being researched." (*Id.* at 7). Recent publications include *Music and Politics* (2005), *Music and Time* (2008), and *Music and Words* (2009). (*Id.* at 4).

Plaintiff alleges that the Library of Congress, Cataloguing in Publication Division ("the Library") has catalogued its publications wrongfully. According to Aspen, the Library has two general methods for cataloguing publications.[1] (*Id*. At 7). One method is to assign a special number to new publications, as well as a paragraph called "CIP Data" which includes the title, names of contributors, titles of chapters or sections, and subject-matter key words. (*Id*.). The second method is the "serial publication" option, in which the first volume of a series receives CIP Data, but for subsequent volumes "no information is catalogued to identify the specifics of individual subsequent publications." (*Id*.)

Aspen alleges that the Library assigned CIP data to four of its six publications, but later rescinded CIP Data for *Music and Time* and *Music and Words*. (*Id*. at 8). As a result, it is impossible to locate these volumes in "any computer search in any data base [*sic*]." (*Id.*) Because of this cataloguing decision, Aspen alleges that the Library has prevented its publications from being entered into databases, and censored "the free exchange of information among artists who search information about contemporaneous art and contemporaneous artists on electronic data bases [*sic*]," among other censorship-related claims. Aspen also alleges that this cataloguing decision "prevented [Aspen] from generating income from its publications,"

---

[1] The facts in this Report and Recommendation are recited as presented in Aspen's Complaint, because the Library has not yet filed an Answer or other motion containing its own facts.

since according to Aspen there is a wide disparity in sales between the volumes with CIP Data and those without. (*Id.* at 8-9).

### B. Defendant's Motion to Transfer Venue

On August 2, 2012, the Library filed a Motion to Transfer Venue ("Motion to Transfer"). [Doc. No. 3]. In the Library's Memorandum of Points and Authorities in Support of Defendant's Motion to Transfer, it argued that "venue does not lie in [the District of Minnesota], but would be proper in the District of Columbia." [Doc. No. 4 at 1]. The Library cites 28 U.S.C. §1391(b) in support of its motion. This provision states that proper venue may lie in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State where the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The Library then cites 28 U.S.C. §1406(a) and Federal Rule of Civil Procedure 12(b)(3), concluding that the Court should either dismiss the action or transfer it to the District of Columbia. (Mot. to Transfer at 4). Unfortunately, the Library relies on these sections in error.

Aspen, in its response, cites 28 U.S.C. §1391(e), which applies to actions in which the defendant is an agency of the United States, and is the correct provision on venue in this action. (Responsive Mem. of P. & A. in Opp'n to Def.'s Mot. to Transfer "Mem. in Opp'n") [Doc. No. 8 at 1]. In that provision, "except as otherwise provided by law, [a civil action] may be brought in any judicial district in which . . . the plaintiff resides if no real property is involved in the action." Aspen cites *Stafford v Briggs*, 444 U.S. 527, 528 (1980), in which the Supreme Court observed that Congress' intent in passing §1391(e) "was to provide nationwide venue for the convenience of individual plaintiffs." Aspen notes that it while venue may be proper in the District of

3

Columbia, the Library incorrectly argues that 28 U.S.C. §1406(a) requires dismissal or transfer, since per 28 U.S.C. §1391(e), venue is proper in the District of Minnesota. (*Id*. at 2).

The Library filed a Reply to Aspen's Memorandum in Opposition on September 4, 2012. (Mem. of P. & A. in Resp. to Pl.'s Opp'n to Def.'s Mot. to Transfer ("Reply Mem.")) [Doc. No. 10]. Commendably, the Library acknowledges "that it originally mistakenly relied upon 28 U.S.C. § 1391(a) instead of 28 U.S.C. § 1391(e) to support its transfer motion," but that "transfer is nevertheless warranted." (Reply Mem. at 2). In support of this argument, the Library argues that as key witnesses are found in the District of Columbia, and the cataloguing decisions occurred in Washington, D.C., the District of Columbia is a more appropriate venue for the action. (*Id.* at 3-4). In addition, the Library argues that "it would be in the interest of justice" to hear the case in the District of Columbia because taxpayers bear the burden of witness travel, and that "judicial economy" weighs in favor of transfer of venue to the District of Columbia. (*Id*. at 5-6).[2]

## II. ANALYSIS

The Library's arguments for transfer of venue are not persuasive. As the Supreme Court held in *Gulf Oil Corp. v. Gilbert*, "[U]nless the balance is strongly in favor of the defendants, the plaintiff's choice of forum should rarely be disturbed." 330 U.S. 501, 508 (1947), *superseded by*

---

[2] The Library cites puzzling statistics in support of its assertion that judicial economy favors the District of Columbia. Its figures, from U.S. Courts, Statistical Tables for the Federal Judiciary: Table C-5, Time Intervals from Filing Disposition of Civil Cases Terminated, by District and Method of Disposition (June 30, 2011), *available at* http://www.uscourts.gov/Viewer.aspx?doc=/uscourts/Statistics/FederalJudicialCaseloadStatistics/2011/tables/C05Mar11.pdf indicate that in 2011 there were 4,011 cases in the District of Minnesota and a medial time interval from filing to disposition of 4.4 months. In contrast, the District Court for the District of Columbia had about half as many cases, but a median filing-to-disposition time of 6.5 months. By this measure of the judicial economy, the District of Minnesota appears significantly more efficient.

*statute on other grounds*, Act of June 25, 1948, c. 646, 62 Stat. 937, as recognized in *Am. Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2, (1994). Further, in this category of lawsuit, Congress has clearly provided a forum for plaintiffs like Aspen, so that they can avail themselves of their local courts. 28 U.S.C. §1391(e). Since the complaint contains no claims relating to real property, and the only Defendant is an agency of the United States, venue is proper in the District of Minnesota.

While the Library is no doubt accurate when it argues that taxpayers will bear some burden if its witnesses must travel to Minnesota for trial or depositions, this fact does not sway the Court. The disparity in economic resources between Aspen and the Library is enormous. At oral argument, Aspen's counsel stated that the organization's annual operating budget is only a few thousand dollars. The Library, in contrast, has the financial resources of the federal government, and can well afford airline fare and hotel rooms for a few of its employees who might need to travel to Minnesota for a deposition, settlement conference, or trial. In addition, Aspen represented at oral argument that it anticipated very few depositions in this case, so the total cost to the Library is likely to be minimal.[3]

Finally, the Library's arguments about judicial economy and the interests of justice are unavailing. As noted above, the statistics in the Library's brief actually reveal that the District of Minnesota is more efficient than the District of Columbia in at least one measure of case processing time. With respect to the "interest of justice," the Library cites a Seventh Circuit case involving the Securities and Exchange Commission attempting to bring suit against "affluent defendants" who "outgunned" that agency with their vast financial resources. *In re National Presto Industries, Inc.*, 347 F.3d 662, 664 (7th Cir. 2003). There is simply no comparison

---

[3] The Court notes that there is no pretrial scheduling order in place for this action, but it has no reason to doubt Aspen's counsel's sincerity on this matter.

between a tiny, non-profit arts organization such as Aspen and an investment firm like Presto Industries, Inc., which "operates throughout the country." *Id.*

Because Congress made its intent clear when it enacted 28 U.S.C. §1391(e), and because the resources of the Library are enormous in contrast to those of Aspen Composers Conference, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Transfer [Doc. No. 3] be **DENIED.**


Dated: November 29, 2012

                                                               s/*Steven E. Rau*
                                                               STEVEN E. RAU
                                                               United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 13, 2012,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.